**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | ) | |
|---|---|---|
| **ROXANNE TROY,** | ) | |
| | ) | |
| Petitioner, | ) | Criminal No. |
| | ) | 07-40028-FDS |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**MEMORANDUM AND ORDER
ON MOTION UNDER 28 U.S.C. § 2255**

**SAYLOR, J.**

This is a motion to vacate, set aside, or correct a sentence by a person in federal custody pursuant to 28 U.S.C. § 2255.[1] Petitioner Roxanne Troy seeks to vacate her sentence on the grounds that she received ineffective assistance of counsel in violation of her Sixth Amendment rights. She contends that her trial counsel was constitutionally ineffective because counsel failed to move to dismiss her indictment before trial for violations of the Speedy Trial Act. For the reasons set forth below, the motion will be denied.

**I.     Factual Background**

On December 12, 2007, Roxanne Troy was indicted for one count of attempted arson and two counts of solicitation to commit a crime of violence. Trial began in her case on March 16, 2009. In total, 435 days passed between arraignment and trial. (Pet. Br. at 7). Because the

---

[1] Petitioner has also made a motion for an evidentiary hearing. Because "the motion and the files and records of the case conclusively show that [petitioner] is entitled to no relief," petitioner's request for a hearing will be denied. *See* 28 U.S.C. § 2255 (2006); *see also Myatt v. United States*, 875 F.2d 8, 11 (1st Cir. 1989) (no habeas relief warranted where motion is "conclusively refuted" by the records of the case).

timing of events is central to Troy's Speedy Trial Act claim, the Court will set forth the events in some detail.

### A. Arraignment – December 18, 2007

On December 18, 2007, Troy was arraigned on the indictment during proceedings before a Magistrate Judge. The court initially suggested that an initial status conference be held on Tuesday, January 29, 2008. (Appendix to Pet. Br. at 13). Defense counsel indicated that they would be in the middle of a homicide trial at that time, and requested that the conference be scheduled instead for February 5, 2008. (*Id.*). The court accommodated this request, and an initial status conference was scheduled for February 5. (App. 14).

That same day, the Magistrate Judge issued a written order on excludable delay finding that it was in the interests of justice to provide the defendant with a period of 14 days to determine whether she wanted to proceed with automatic discovery, and that this interest outweighed the interests of the public and the defendant in a speedy trial. (App. 17). The order further excluded an additional period of 14 days, to begin as soon as the defendant either elected to proceed under automatic discovery or failed to file a waiver. (*Id.*) The order stated the additional 14 days were being excluded "to provide the parties additional time to develop their respective discovery plans and produce discovery under the automatic discovery process." (*Id.*)

### B. Initial Status Conference – February 5, 2008

On February 5, 2008, the Magistrate Judge held the initial status conference. (App. 19). Defense counsel indicated they had received discovery from the government and intended to request additional discovery. (App. 21). Accordingly, the court scheduled a status conference for March 6, 2008. (App. 23). The government moved to exclude the period of time from

December 1, 2007, through March 6, 2008, on the grounds that the discovery process was ongoing. (App. 24). Defense counsel assented to the motion. (*Id*.).

On February 8, 2008, the Magistrate Judge issued a written order on excludable delay for the period from December 31, 2007, through March 6, 2008, citing the provisions of 18 U.S.C. §3161(h)(8)(A). (App. 26).[2] The written order did not explicitly set forth the court's reasons for finding that the delay served the ends of justice.

### C. Second Status Conference – March 6, 2008

On March 6, 2008, the Magistrate Judge held a second status conference in the case. Defense counsel indicated that they were in the process of reviewing substantial discovery that they had received from the government, and requested additional time to continue reviewing it. (App. 29-30). Defense counsel also indicated that they likely would not be able to complete the review of the documents until May because of an upcoming trial in another case. (App. 30). The court scheduled a further status conference for May 7, 2008. (App. 31).

On March 10, 2008, the Magistrate Judge issued a written order of excludable delay for the period from March 6 through May 7, 2008, citing the provisions of 18 U.S.C. §3161(h)(8)(A). (App. 34). The written order did not explicitly set forth the court's reasons for finding that the delay served the ends of justice.

### D. Third Status Conference – May 7, 2008

On May 7, 2008, the Magistrate Judge held a third status conference in the case. Defense counsel again requested additional time to interview witnesses and complete discovery. (App.

---

[2] The Speedy Trial Act was amended in October 2008. The "ends of justice" exclusion, now set forth in 18 U.S.C. §3161(h)(7)(A), was previously located at 18 U.S.C. §3161(h)(8)(A).

37). Defense counsel indicated that they expected to complete these preparations within four or five weeks. (*Id*.). The government stated that they were prepared for the case to be referred back to the District Judge for trial. (App. 38). The court granted defense counsel's request and scheduled a further status conference for June 4, 2008, four weeks later. (*Id*.). The government moved orally to exclude the time from May 7 through June 4, 2008, in the interest of justice to allow defense counsel time to complete their investigation. (App. 39). Defense counsel assented to the motion. (*Id*.).

On May 13, 2008, the Magistrate Judge issued a written order of excludable delay for the period from May 7 through June 4, 2008, citing the provisions of 18 U.S.C. § 3161(h)(8)(A). (App. 45). The written order did not explicitly set forth the court's reasons for finding that the delay served the ends of justice.

### E.     Fourth Status Conference – June 4, 2008

On June 4, 2008, the Magistrate Judge held a fourth status conference in the case. Defense counsel again requested additional time to complete their investigation, and again indicated that they "could benefit from another four to five weeks." (App. 48). The government reiterated that it was prepared for trial, stating that "[w]e're ready whenever the defense completes their investigation for this matter to go back to the district court." (App. 49). The court granted the defendant's request and suggested a date for a further conference of July 23, 2008. (App. 50). Defense counsel stated that date was "perfect." (*Id*.). The government moved orally to exclude the time from June 4 through July 23, 2008, in the interest of justice to allow defense counsel time to complete their investigation. (*Id*.). Defense counsel assented to the motion. (App. 50-51).

4

On June 6, 2008, the Magistrate Judge issued a written order of excludable delay for the period from June 4 through July 23, 2008, citing the provisions of 18 U.S.C. § 3161(h)(8)(A). (App. 53). The written order did not explicitly set forth the court's reasons for finding that the delay served the ends of justice.

### F. Fifth Status Conference – July 23, 2008

On July 23, 2008, the Magistrate Judge held a fifth and final status conference. Both defense counsel and the government indicated that they were ready to transfer the case to the District Judge for trial. (App. 56-57). The Magistrate Judge scheduled a status conference before the District Judge for September 4, 2008. (App. 59). No reason was explicitly set forth for the six-week delay.

On July 25, 2008, the Magistrate Judge issued a written order of excludable delay for the period from July 23 through September 4, 2008, citing the provisions of 18 U.S.C. § 3161(h)(8)(A). (App. 64). The written order did not explicitly set forth the court's reasons for finding that the delay served the ends of justice.

### G. First District Court Status Conference – September 4, 2008

On September 4, 2008, the undersigned District Judge held the initial status conference in this case. Counsel for both sides informed the Court that the case was likely to go to trial, and suggested a trial date of March 2, 2009. (App. 67). The Court inquired as to the reason for the delay, and reminded the parties of the rights of Troy and the public to a speedy trial. (*Id.*) Defense counsel stated that they could be ready as early as mid-November, and the government indicated that they would be able to move forward on any date. (App. 67-68). The Court again raised the question of how to justify excluding "such a large amount of time" under the Speedy

5

Trial Act. (App. 68). The government responded that it had produced a large volume of documents to the defense, and that it could use the time to prepare for trial, including narrowing down the list of documents that were likely to be used as exhibits. (App. 68-69). Defense counsel indicated that they had identified a list of 20-30 potential witnesses, but could use the extra time to work with the government to obviate the need for some witnesses. (App. 69). Defense counsel went on to say that their client "understands the complexity of the case and understands the preparation involved," and would not have a problem with "whatever schedule the Court deems appropriate." (*Id*.) The Court scheduled a status conference for November 13, 2008, and trial for January 26, 2009. (App. 70-71). The Court stated that the intervening period would be excluded in the interest of justice "to accommodate pretrial preparation and discovery." (App. 71-72).

On September 5, 2008, the Court issued a written order excluding the time period from September 4 through November 13, 2008 in the interests of justice, pursuant to 18 U.S.C. §3161(h)(8)(A). (App. 78). Specifically, the Court found that the ends of justice served by granting the parties' request for "more time to accommodate further discovery and fact investigation" outweighed the interest of the public and the defendant in a speedy trial. (*Id*.)

### H. Defendant's Motion to Continue November 13, 2008 Status Conference

On November 12, 2008, defense counsel filed an unopposed motion to continue the November 13 status conference because they were unavailable due to trial in another matter. (App. 79). In the same motion, defense counsel indicated that defendant assented to the exclusion of time from November 13 to the date of the next status conference. (*Id.*) The Court issued an electronic order rescheduling the status conference to December 1, 2008, and a further

6

electronic order excluding the time from November 13 through December 1, 2008, under the Speedy Trial Act. (Docket Notes dated 11/12/2008). The electronic order did not explicitly set forth the court's reasons for finding that the delay served the ends of justice.

## I. Second District Court Status Conference – December 1, 2008

On December 1, 2008, the Court held a second status conference. At that conference, the government indicated that the Assistant U.S. Attorney to whom the case was assigned would be unavailable to try the case in January. (App. 85). The government requested that the trial be rescheduled for March 2009. (*Id.*). Defense counsel indicated that they had no objection to moving the trial. (App. 85-86). The Court again reiterated defendant's right to a speedy trial. (App. 86). The Court specifically and directly informed Troy that she did not have to accommodate the government's request, and that she had a right to go to trial sooner. (App. 86-87). Troy herself expressly assented to the continuance. The Court then scheduled trial for March 16, 2009. (*Id.*)

On December 2, the Court issued a written order excluding the time period from December 1, 2008, through March 11, 2009 in the interests of justice, pursuant to 18 U.S.C. §3161(h)(8)(A). (App. 90). Specifically, the Court found that the ends of justice served by granting the parties' request for "more time to accommodate trial preparation" outweighed the interest of the public and of the defendant in a speedy trial. *Id.*

## J. Trial and Post-Trial Proceedings

On March 11, 2009, the Court held a third and final pretrial conference. (Docket Entry 3/11/2009). Trial began on March 16, 2009. On March 24, 2009, after seven days of trial, the jury convicted defendant on all counts of the indictment. (Docket Entry 3/24/2009). On July 16,

7

2009, the Court sentenced defendant to five years' imprisonment. (Docket Entry 7/16/2009). The United States Court of Appeals for the First Circuit subsequently affirmed defendant's conviction and sentence. *United States v. Troy*, 618 F.3d 27 (1st Cir. 2010).

On August 19, 2011, defendant filed a motion for relief under 28 U.S.C. § 2255.

## II.     Analysis

Under 28 U.S.C. § 2255, a prisoner may file a motion to vacate, set aside, or correct a sentence. The relief requested may be granted on the grounds that the "petitioner's sentence (1) was imposed in violation of the Constitution; (2) was imposed by a court that lacked jurisdiction; (3) exceeded the statutory maximum; or (4) was otherwise subject to collateral attack." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). Petitioner bears the burden of establishing that she is entitled to relief under § 2255. *Id*.

Petitioner asserts ineffective assistance of counsel in violation of the Sixth Amendment as her sole ground for relief. She contends that her trial counsel should have moved to dismiss the indictment before trial because she was not brought to trial within the 70-day period permitted by the Speedy Trial Act, and counsel's failure to do so constituted ineffective assistance of counsel.

For the reasons set forth below, petitioner has not shown ineffective assistance of counsel, and is not entitled to relief under 28 U.S.C. § 2255.

### A.     Ineffective Assistance of Counsel

In order to establish a claim of ineffective assistance of counsel, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The essence of an ineffective assistance claim is that "counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *United States v. De La Cruz*, 514 F.3d 121, 140 (1st Cir. 2008) (internal citations omitted). The Constitution does not guarantee to any defendant a perfect defense or a successful defense. See *Moreno-Espada v. United States*, 666 F.3d 60, 65 (1st Cir. 2012). Rather, "the performance standard is that of reasonably effective assistance under the circumstances then obtaining." *United States v. Natanel*, 938 F.2d 302, 309–10 (1st Cir. 1991).

To succeed on an claim of ineffective assistance of counsel, a petitioner must show both (1) deficient performance by counsel and (2) resulting prejudice. *Peralta v. United States*, 597 F.3d 74, 79 (1st Cir. 2010) (citing *Strickland*, 466 U.S. at 687). An insufficient showing on either prong is sufficient to defeat an ineffective assistance of counsel claim. See e.g. *Malone v. Clarke*, 536 F.3d 54, 64 (1st Cir. 2008).

To show deficient performance, petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88. Counsel's performance is to be evaluated "from counsel's perspective at the time of the alleged error and in light of all the circumstances . . ." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). This evaluation must be highly deferential. *Strickland*, 466 U.S. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

To establish resulting prejudice, petitioner must show that, but for counsel's error, there is a reasonable probability that the result of the proceeding would have been different. *Id.* at

9

694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 692.

### B. Speedy Trial Act

The Speedy Trial Act requires a criminal defendant's trial to begin within 70 days of her indictment or initial appearance, whichever happens later. 18 U.S.C. § 3161(c)(1). The Act, however, acknowledges that there are often appropriate reasons for greater delay, and allows certain periods of time to be excluded when calculating the deadline. Among other things, paragraph (h)(7)(A) provides that the following periods of delay may be excluded:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161 (h)(7)(A).

The statute further provides as follows:

> (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under [§ 3161 (h)(7)(A)] in any case are as follows:
>
> . . .
>
> (ii) Whether the case is so unusual or so complex, due to . . . the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> . . .

(iv)  Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

(C)  No continuance under [§ 3161 (h)(7)(A)] shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government.

18 U.S.C. § 3161 (h)(7)(B), (C).

The Supreme Court has described the Act as follows:

[to provide the necessary flexibility, the Act includes a long and detailed list of periods of delay that are excluded in computing the time within which the trial must start.  See § 3161(h). . . .

Much of the Act's flexibility is furnished by [§ 3161 (h)(7)(A)], which governs ends-of-justice continuances . . . .  This provision permits a district court to grant a continuance and to exclude the resulting delay if the court, after considering certain factors, makes on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and defendant's interests in a speedy trial.  This provision gives the district court discretion—within limits and subject to specific procedures—to accommodate limited delays for case-specific needs.

*Zedner v. United States*, 547 U.S. 489, 497-98 (2006).

"Ends of justice" continuances must be based on case-specific findings set forth in the record.  *Id*. at 506-07.  The court's "rulings and the requesting motion are to be read as complementary documents, such that '[w]here the motion sets forth the basic facts, and they are obvious, it is not necessary for the court to articulate them."  *United States v. Bruckman*, 874 F.2d 57, 62 (1st Cir. 1989), citing *United States v. Mitchell*, 723 F.2d 1040, 1044 (1st Cir. 1983).  Reasonableness serves as the touchstone of an "ends of justice" analysis.  *United States v. Barnes*, 251 F.3d 251, 256 (1st Cir. 2001).

11

If a defendant is not brought to trial within 70 days, the defendant may move to dismiss the indictment, and the court must grant that motion. 18 U.S.C. § 3162(a)(2). Such a dismissal may be with or without prejudice. *Id.* "When an indictment is dismissed without prejudice, the prosecutor may of course seek — and in the great majority of cases will be able to obtain — a new indictment . . . ." *Zedner*, 547 U.S. at 499.

In deciding whether to dismiss a case with or without prejudice, the Speedy Trial Act requires the court to consider several factors, including: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a re-prosecution on the administration of this chapter and on the administration of justice." *Id.* The Court should also consider whether (and to what extent) the delay prejudiced the defendant. See *United States v. Franklin*, 630 F.3d 53, 58 (1st Cir. 2011). Dismissal with prejudice is a "last and rare resort." *Id*.

### C. Petitioner's Claims

#### 1. Alleged Speedy Trial Act Violations

It is undisputed that 435 days passed between petitioner's arraignment and her trial. (Pet. Br. at 7). While all but 24 of these days were covered by orders of excludable delay, petitioner asserts that at least 290 of these days were not properly excludable. (*Id*.).

Petitioner sets forth several different reasons why these periods of time should not have been excluded. First, she asserts that in many cases, the "ends of justice" orders entered by the court were standardized orders for standard periods, rather than case-specific orders for tailored periods. Second, she contends that in certain instances in which case-specific "ends of justice" balancing took place in the record, the proffered reasons for the continuance were "record-

12

dressing" or unsupported by the record. (Pet. Br. at 21, 23). Third, petitioner asserts that certain periods of delay were based on the court's schedule, and not on the needs of the case, and therefore could not be properly excluded. (Pet. R. Br. at 4). Finally, petitioner contends that there were 24 days for which no "ends of justice" order was ever entered, (Pet. Br. at 23); the government concedes that this time is not excludable. (Gov. Br. at 13).

The government contends that there were, at most, 48 days that were not properly excluded under the Speedy Trial Act. (Gov. Br. at 14). For all other time periods, the government asserts that valid ends-of-justice exclusions were entered. Because 48 non-excludable days is well within the statutory limit of 70 days permitted under the Speedy Trial Act, the government asserts that there has been no violation. (*Id.* at 8).

This Court finds that it is not necessary to parse the record to determine whether any of the 290 days contested by petitioner were improperly excluded. A violation of the Speedy Trial Act is not, in and of itself, grounds for relief under § 2255. Indeed, a defendant who does not move for dismissal prior to trial waives her right to dismissal for Speedy Trial Act violations. 18 U.S.C. § 3162(a)(2). Thus, even if a violation of the Speedy Trial Act is assumed, petitioner is only entitled to relief if she can demonstrate that counsel's failure to move for dismissal constituted ineffective assistance in violation of the Sixth Amendment.

As set forth below, petitioner has not set forth a sufficient showing of either the unreasonableness of counsel's actions or resulting prejudice. She cannot succeed on her ineffective assistance of counsel claim, and thus is not entitled to relief under § 2255.

### 2. Dismissal Without Prejudice

Petitioner has not shown either that her trial counsel's performance was deficient or that she was prejudiced as a result. The Speedy Trial Act provides for mandatory dismissal of the indictment when the terms of the Act are violated, but that dismissal can be either with or without prejudice. Here, all relevant factors would have clearly favored dismissal without prejudice.

#### a. Seriousness of the Offense

Petitioner was charged with attempted arson and solicitation to commit a crime of violence. Both are obviously serious offenses. Indeed, as the First Circuit noted in affirming petitioner's sentence, the arson statute at issue mandates a five-year jail sentence. *United States v. Troy*, 618 F.3d 27, 36-37 (1st Cir. 2010)

#### b. Facts and Circumstances of the Case

The facts and circumstances of the case suggest that much of the delay was attributable to defense counsel's efforts to complete discovery and investigations in preparation for trial, and to the prosecution's need for continuity of counsel. In *United States v. Franklin*, the First Circuit indicated that the focus of a court's facts-and-circumstances analysis should be on whether there is bad faith or culpability on the part of the government. 630 F.3d 53, 58 (1st Cir. 2011); see also *United States v. Medugno*, 233 F. Supp. 2d 184, 186 (D. Mass. 2002). Here, petitioner points to no bad faith on the part of the government in delaying the trial. The government requested additional time only once, in order to accommodate the schedule of the attorney assigned to the case. In contrast, defense counsel independently requested additional time five times, and jointly requested additional time along with the government at the initial district court

status conference. Furthermore, defendant herself expressly and personally assented to one lengthy period of delay, after being advised by the Court that she did not need to do so. There is simply no evidence of bad faith or intentional delay on the part of the government.

### c. Administration of Justice and the Speedy Trial Act

There is also nothing in the facts to suggest that a second prosecution would have seriously impaired the administration of justice or administration of the Speedy Trial Act. The First Circuit has indicated that "the strongest argument against re-prosecution is prejudice to the defendant – most importantly, loss of witnesses or other impediments to obtaining a fair trial at a later date." *United States v. Dessesaure*, 556 F.3d 83, 86 (1st Cir. 2009). Petitioner has not alleged that she suffered prejudice at trial from the delay. She does not allege that she was prevented from calling any witnesses or presenting any evidence at trial. She has not set forth any showing that she received anything but a fair trial. Indeed, she undoubtedly benefited from the continuances, as they allowed her trial counsel to conduct additional investigation, review discovery, and prepare for trial.

### 3. Claim of Ineffective Assistance

Based on all of these factors, even assuming a violation of the Speedy Trial Act, a timely motion for dismissal by petitioner's trial counsel would almost certainly have resulted in dismissal without prejudice and a renewed indictment. Consequently, a competent attorney could reasonably have decided that filing such a motion would not have been in petitioner's best interests. *See, e.g.*, *Bramlett v. United States*, 405 Fed. Appx. 363, 368 (11th Cir. 2010) ("[A] competent attorney representing Bramlett reasonably could have decided that filing a motion to dismiss on speedy trial grounds would have only delayed further resolution of the charges

15

against Bramlett and was not in Bramlett's best interests."). This type of strategic decision falls within the wide range of reasonable professional assistance, and cannot support a claim of ineffective assistance of counsel under *Strickland*.

Furthermore, petitioner has failed to demonstrate a reasonable probability that the result of the proceeding would have been different. If this case had been dismissed under the Speedy Trial Act, the dismissal would have been without prejudice, and petitioner unquestionably would have been re-prosecuted. Because there is no reasonable probability that dismissal would have resulted in a different outcome, she cannot establish resulting prejudice. *See, e.g.*, *Belton v. United States*, 2010 WL 2816374 at *11 (D.N.H. July 15, 2010) (defendant failed to show prejudice where any dismissal based on a violation of the Speedy Trial Act would have been without prejudice and defendant would have been re-indicted, re-tried, and convicted); *Lewis v. United States*, 2010 WL 2682492, at *3 (D. Mass. July 2, 2010) (same); *Chambliss v. United States*, 384 Fed. Appx. 897, 899 (11th Cir. 2010) (same); *Bramlett v. United States*, 405 Fed. Appx. 363, 368 (11th Cir. 2010) (same).

### III. Conclusion

For the foregoing reasons, the motion of Roxanne Troy to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. §2255 is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: October 2, 2012    United States District Judge